```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA,              New York, N.Y.
4              v.                          25 Cr. 318 (JPO)
5   CHRISTINE HUNSICKER,
6                  Plaintiff.
7   ------------------------------x       Arraignment
8                                         July 18, 2025
9
    Before:
10
                    HON. JENNIFER E. WILLIS,
11
                                        U.S. Magistrate Judge
12
13
14                          APPEARANCES
15
    JAY CLAYTON
16       United States Attorney for the
         Southern District of New York
17  BY:  ALEXANDRA ROTHMAN
         MARGUERITE BOUGHTON COLSON
18       Assistant United States Attorney
19
    SKOTKO LAW PLLC
20       Attorney for Defendant
    BY:  ANNA M. SKOTKO
21
22
23
24
25
```

1              THE DEPUTY CLERK:  Good afternoon, your Honor.  We

2    are here for U.S.A. v. Christine Hunsicker, Docket No. 25 Cr.

3    318.

4              We ask that counsel for the government, as well as

5    counsel for the defense, please rise and state your names for

6    the record.

7              MS. ROTHMAN:  Good afternoon, your Honor.  Alexandra

8    Rothman and Marguerite Colson for the United States.

9              THE COURT:  Good afternoon.

10             MS. SKOTKO:  Good afternoon, your Honor.  Anna Skotko

11   for Ms. Christine Hunsicker.

12             THE COURT:  And good afternoon to you, as well.

13             And good afternoon, Ms. Hunsicker.  I am

14   Judge Willis, and you have been arrested based on charges

15   filed against you in an indictment.

16             The purpose of today's proceeding is to inform you of

17   certain rights that you have, inform you of the charges

18   against you, decide whether or not an attorney should be

19   appointed for you, and decide under what conditions, if any,

20   you should be released pending trial.

21             Government, can I have the date and time of

22   Ms. Hunsicker's arrest, please.

23             MS. ROTHMAN:  Yes, your Honor.  The defendant

24   self-surrendered to law enforcement this morning at

25   approximately 9 a.m.

1          THE COURT:  I am going to explain to you, ma'am,

2    certain constitutional rights that you have.

3          You have the right to remain silent.  You are not

4    required to make any statements; and even if you have already

5    made statements to the authorities, you do not need to make

6    any more statements.  If you do make any statements, those

7    statements can be used against you.

8          You have the right to be released, either

9    conditionally or unconditionally, pending trial, unless I find

10   that there are no conditions that would reasonably assure your

11   presence at future court appearances and the safety of the

12   community.

13         If you are not a United States citizen, you have the

14   right to request that a government attorney or law enforcement

15   official notify a consular officer from your country of origin

16   that you have been arrested.  In some cases, a treaty or other

17   agreement may require the United States to give that notice

18   whether you request it or not.

19         You have the right to be represented by an attorney

20   during all court proceedings, including this one, and during

21   all questioning by the authorities.  You have the right to

22   hire your own attorney; but, if you cannot afford to hire an

23   attorney, I would appoint one to represent you.

24         Ms. Hunsicker, do you understand the rights that I

25   have just explained to you?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.  Thank you.

3          So I understand that we do have retained counsel, is

4    that correct, ma'am?

5          MS. SKOTKO:  Yes, your Honor.

6          THE COURT:  So, government, has this been sent here

7    for arraignment as well as presentment?

8          MS. ROTHMAN:  Yes, your Honor.

9          THE COURT:  All right.

10          So, Ms. Hunsicker, as I said, you are here because

11    you have been arrested based on charges filed against you in

12    an indictment.  It is a six-count indictment.

13          Count One charges you with wire fraud;

14          Count Two with fraud in the purchase and sale of

15    CaaStle securities;

16          Count Three, fraud in the purchase and sale of P180

17    securities;

18          Count Four, false statements in a financial -- to a

19    financial institution;

20          Count Five, engaging in a money transaction in

21    property derived from specific unlawful activity;

22          And, lastly, Count Six, aggregated identity theft.

23          Counsel, have you received a copy of the indictment

24    that contains the charges against Ms. Hunsicker?

25          MS. SKOTKO:  Yes, your Honor.

1          THE COURT:  And have you reviewed those charges with

2     her?

3          MS. SKOTKO:  Yes, we have.

4          THE COURT:  Does she want those charges read aloud in

5     court?

6          MS. SKOTKO:  No, your Honor.  We waive the public

7     reading.

8          THE COURT:  And lastly, are you prepared to enter a

9     plea on her behalf?

10          MS. SKOTKO:  Yes, your Honor.  At this point,

11     Ms. Hunsicker will enter a plea of not guilty.

12          THE COURT:  The record should reflect that

13     Ms. Hunsicker has pleaded not guilty and is now arraigned.

14          Because there has been an indictment, I will give the

15     government some admonishments with respect to their disclosure

16     obligations.

17          I direct the prosecution to comply with its

18     obligation, under *Brady v. Maryland* and its progeny, to

19     disclose to the defense all information, whether admissible or

20     not, that is favorable to the defendant, material either to

21     guilt or to punishment, and known to the government.

22          Possible consequences for noncompliance may include

23     dismissal of individual charges or the entire case, exclusion

24     of evidence, and professional discipline or court sanctions on

25     the attorneys responsible.

1          I will be entering a written order more fully

2     describing this obligation and the possible consequences of

3     failing to meet it after today's court appearance, and I direct

4     the prosecution to review and comply with that order.

5          Does the prosecution confirm that it understands its

6     obligations and will fulfill them?

7          MS. ROTHMAN:  Yes, your Honor.  We do.

8          THE COURT:  I will hear from the government next as

9     to bail, detention, or release for Ms. Hunsicker.

10         MS. ROTHMAN:  Your Honor, I am prepared to present to

11    the Court a proposed package; however, I have not yet had the

12    chance to look at the Pretrial Services report which -- I am

13    just noticing that the officer is not in the courtroom.  I

14    think that I can look at it pretty quickly, but I would like

15    just a moment or two to review the report before we --

16         THE COURT:  I am going to hand down the copy that I

17    received so that you can just look at that.

18         MS. ROTHMAN:  Thank you, your Honor.

19         THE COURT:  It was sent to me.  I assumed it was sent

20    to everyone else.  Apologies for that.

21         (Pause)

22         MS. ROTHMAN:  I think we are ready, your Honor.

23         THE COURT:  Before we proceed, could you please hand

24    a copy to defense counsel, as well, since apparently she also

25    did not receive a copy.

```
 1              (Pause)

 2              MS. SKOTKO:  Can I have one moment, your Honor?

 3              THE COURT:  You can.  And before you confer together,

 4    two things I would like you both to sort of look at with

 5    respect to the Pretrial report.

 6              I understand that the potential proposed package may

 7    include the -- having a surety, Ms. Hunsicker posting an

 8    interest in real property.  I need not, when we get to that

 9    point, put the actual address on the record, so I just want

10    both sides to confirm that the address that is listed in the

11    Pretrial report is, in fact, the address that we are talking

12    about.

13              The second issue I would like you to sort of look at

14    and think about, the sort of preliminary terms that were sent

15    to me in advance of this conference had certain potential

16    terms.  The proposal from Pretrial Services includes some

17    additional things that had not been in that.  And I am not

18    making any opinion at this point about whether those should or

19    should not be included, but I just want to make sure that both

20    sides have had an opportunity to look at those proposed terms,

21    to think about whether one side or the other thinks some or all

22    of those should be included in whatever you ultimately plan to

23    propose to me.

24              MS. ROTHMAN:  Yes, your Honor.  Of course.

25              MS. SKOTKO:  Thank you, your Honor.
```

 1         (Counsel confer)

 2         MS. ROTHMAN:  I think we are ready, your Honor.

 3         THE COURT:  All right.

 4         MS. ROTHMAN:  So the parties would propose that the

 5  defendant be released on a $1 million personal recognizance

 6  bond.  That would be secured by the property that

 7  Ms. Hunsicker owns, as specified in the Pretrial Services

 8  report, as well as one financially responsible person.  She

 9  could be released today on her own signature, but would have

10  one week to satisfy the remaining conditions of the bond.

11         Her travel would be limited to the Southern District

12  of New York, the Eastern District of New York, the District of

13  New Jersey, and the State of Pennsylvania, where I understand

14  the defendant has family.

15         THE COURT:  I don't know how many districts there are.

16  Is it all -- I don't know.  Is it just --

17         MS. ROTHMAN:  There is more than one, your Honor.

18         THE COURT:  Let's just say the state.  Okay.

19         MS. ROTHMAN:  Your Honor, the defendant's passport is

20  currently with her attorney.  We have no objection to it

21  remaining there.  However, she shall make no new applications

22  for travel documents.

23         This is a slight modification on No. 4 in the report.

24  We would propose that the defendant have no contact with

25  current or former investors in CaaStle or P180, as well as no

1    current or former employees in either business.

2             THE COURT:  I'm sorry.  The language that we are

3    proposing is no contact with current or former investors --

4             MS. ROTHMAN:  Investors.

5             THE COURT:  -- and then also current or former

6    employees.

7             MS. ROTHMAN:  Correct, your Honor.

8             And I will note that that would be direct contact or

9    indirect contact, with the exception that the defendant's

10   attorneys, of course, could contact individuals if they

11   thought appropriate.

12            As to No. 5, the defendant shall make no new

13   financial accounts or lines of credit without approval from

14   Pretrial Services.

15            The defendant, as to No. 6, shall not possess the

16   personal identifying information of others.

17            No. 7, drug testing and treatment as directed.

18            No. 8, the defendant shall continue with any mental

19   health treatment, again, as directed.

20            And, your Honor, the defendant has recorded some

21   history of gambling; so, in light of that, we have no

22   objection to No. 9, which is that she shall refrain from any

23   form of gambling.

24            THE COURT:  All right.  And defense counsel, is that

25   your understanding of the agreement for the joint proposal

1    that you have entered into with the government?

2              MS. SKOTKO:  One moment, your Honor.

3              (Counsel confer)

4              MS. SKOTKO:  Sorry, just two modifications with

5    respect to the travel to the Southern District, Eastern

6    District, Pennsylvania, and District of New Jersey.  No. 3

7    currently states that there would be preapproval needed for

8    visiting certain family members.  My understanding is the

9    government is okay with no preapproval for those family

10   members.

11             MS. ROTHMAN:  That's correct, your Honor.

12             MS. SKOTKO:  And then with respect to the -- No. 4,

13   we agree with the no-contact provision that the prosecutor

14   just laid out; however, we have already discussed a few

15   caveats for individuals whose names we don't need to put on

16   the record, but I did want to say that there are certain

17   individuals that Ms. Hunsicker needs to be in touch with

18   because they are currently employing her or they work together

19   in some capacity.  We have made that clear to the prosecution,

20   and it sounds like they are okay with that.  We will deal with

21   it on a case-by-case basis.

22             THE COURT:  Let me turn back to the government.  So

23   it sounds -- I have no idea how extensive the potential list

24   of investors and employees of these two entities may be.  I am

25   confident that you do, and I am confident that Ms. Hunsicker

1    does.  It sounds as if, within that larger list, there may be

2    some select list of people who there is a legitimate reason,

3    noncase-related, that Ms. Hunsicker may have to have ongoing

4    contact with those people.  It sounds as if the government

5    understands who that small subset of people are and, from what

6    I am hearing from counsel, is amenable to the idea that

7    Ms. Hunsicker would have contact with that limited prescribed

8    group.  Is that correct?

9         MS. ROTHMAN:  Yes, your Honor.  That's correct.

10         THE COURT:  All right.  Fine.  Carry on.  Was there

11    anything else, any other clarification in terms of what the

12    joint proposed agreement is?

13         MS. SKOTKO:  No.  That's it.  Thank you, your Honor.

14         (Pause)

15         THE COURT:  All right.  Ms. Hunsicker, based upon my

16    review of the indictment and my review of the Pretrial report,

17    I am prepared to accept the joint proposed bail package, and I

18    would be prepared to release you under the following

19    conditions:

20         You would have a $1 million personal recognizance

21    bond.  That bond would need to be cosigned by one financially

22    responsible person, and it would need to be secured by your

23    interest in the property that you own, and the address of that

24    property is in the Pretrial report.

25         What happens in terms of a personal recognizance bond

1    and cosigners is that the million dollars does not have to be

2    paid for you to be released, and as long as you come back to

3    court when required to do so and follow the other terms and

4    conditions, no matter what happens at the end of the case, you

5    never have to pay that money.  If you didn't follow the

6    conditions or did not come back to court, you would be

7    responsible for the full million dollars of that bond, the

8    cosigner would separately be responsible for the full million

9    dollars of the bond, and you would lose the interest in the

10   property, in your home, that you would be posting to secure

11   that bond.

12        In addition to those conditions, you would have

13   travel restrictions to the Southern and Eastern Districts of

14   New York, which is certainly all five boroughs——there are also

15   some counties in there, as well; they will give you a map

16   which shows you which places are within those two

17   districts——also to the District of New Jersey, which is the

18   entirety of the State of New Jersey, and to the entire State

19   of Pennsylvania, however many districts there may be in that

20   state.  So you can travel freely in those areas.

21        You can't go anywhere outside of those areas.  So if

22   you have something where you need to go to Connecticut, you do

23   not have permission to go there.  If that developed, you would

24   reach out to your lawyer, your lawyer would be able to put in

25   an application to the Court to see if an exception could be

1    made for you to go to Connecticut or someplace else.

2              But for Southern and Eastern Districts of New York,

3    all of New Jersey, all of Pennsylvania, you are free to move

4    around those areas.

5              You would have to surrender any travel document.  I

6    understand your lawyer is in possession of that travel

7    document.  The government is content for her to keep it.  The

8    Court is, as well.  So, as long as your lawyer keeps

9    possession of that, it need not be forwarded to Pretrial.

10             There is an additional condition there that you are

11   not allowed to apply for a new travel document.  So you can't

12   try to go get another passport in the interim.

13             You are to have pretrial supervision as directed by

14   Pretrial Services, meaning they will determine how often they

15   want to see you.  They may say they want to see you every week,

16   they may say every month, they may say call-in only.  That is

17   for them to determine, and they can change the rate based on

18   how they think things are going without them needing to come

19   back to court to do that.

20             You are to do drug testing and treatment as directed

21   by Pretrial Services, so they will do an evaluation.  If they

22   think things are fine, you don't need to do anything more.  If

23   they think you need to participate in some type of a program,

24   they will arrange that, and then you will need to comply with

25   that.

1      You are to do mental health evaluation and treatment

2  as directed by Pretrial Services, as well.  To the extent that

3  you may already be in mental health treatment, you are

4  required to continue with that treatment.  If something

5  happens with that treatment or Pretrial thinks that something

6  else is appropriate, you are directed, as a condition of your

7  bail, to comply with whatever they tell you in that regard.

8      You are not to open any new financial accounts or

9  lines of credit without prior approval by Pretrial Services,

10 meaning even if you needed a new credit card for some reason,

11 you have to talk to Pretrial Services first and they have to

12 grant you preapproval, otherwise it's a violation of your

13 bail.

14     You are not to possess the personal identifying

15 information of someone else.

16     You are to have no contact——direct or indirect——with

17 current or former investors or employees of CaaStle or P180,

18 other than through counsel.

19     A word about indirect contact.  So direct

20 contact——can't talk to people on the street, can't see them at

21 the store, can't call them.  But indirect would be if you

22 called a friend and asked a friend to call one of these

23 people.  That is also a violation of the terms of your bail.

24 You have no idea who the government has spoken to or who they

25 know about, so you might think they don't know about, you

1    know, this person, and they may, and if you reach out to that

2    person, it is a violation of the terms of your bail.

3            Your lawyer is free to conduct whatever investigation

4    she deems fit, to send an investigator, to speak herself.

5    That is allowed.

6            There is an exception, as we have talked about, to

7    this particular condition, which is there is a limited number

8    of either investors or employees who you are authorized to

9    have ongoing conduct -- contact, rather, with.  What I have

10   written here is that both you and the government have

11   discussed and are aware of the identity of who that small,

12   limited group of folks are.  So to the extent that your lawyer

13   has——let's say it's five names——given five names to the

14   government and it turns out there is a sixth person that you

15   feel like, you know what, they really feel the same as the

16   first five, if the government does not have that name

17   currently, then they are on the list of people you cannot

18   contact.  You could raise this issue with your lawyer, have

19   your lawyer approach the government, could be that person

20   number six is someone the government is also all right with

21   you having contact with, but it must go through the

22   government.

23           So right now there is an agreed list.  The Court need

24   not know who that is as long as the government knows and you

25   know.  Anybody who is not in that agreed list who is an

1    investor or an employee——current or former——you cannot have

2    contact with.

3        You are to also refrain from engaging in any form of

4    gambling.

5        I would be prepared to release you today with your

6    own signature alone on this bond.  You would have one week,

7    until January 25, to comply with the remaining conditions, and

8    specifically -- there is a list of them, obviously, that are

9    ongoing conditions, but the things you would need to be

10    working on in the next week are getting that cosigner on the

11    million dollar bond and also taking the steps to secure the

12    interest in that property that you own and have that attached

13    to the bond.

14        I think I got all of the terms.  I am just going to

15    check back in with the parties to make sure that is the case.

16        Government.

17        MS. ROTHMAN:  Yes, your Honor.  I think you may have

18    misspoken and said January 25, but I think the implication is

19    right that it is July.

20        THE COURT:  I not only misspoke, I miswrote.  I wrote

21    January 25 down, and that is obviously not the date that I

22    meant.  Thank you for that clarification.  July 25, which is

23    next Friday, is the day to comply with the remaining

24    conditions.

25        Defense counsel, from your reckoning, did I get all

1    of the conditions?

2                MS. SKOTKO:  Yes, your Honor.  Thank you.

3                THE COURT:  All right.

4                Ms. Hunsicker, do you understand the conditions I

5    would be prepared to release you under, ma'am?

6                THE DEFENDANT:  Yes, your Honor.

7                THE COURT:  All right.  If in future -- and they will

8    give you a written copy of these conditions when you sign

9    them.  If in the future you have some confusion about what you

10   can do, what you can't do, what the implications or

11   significance of something is, you should direct those

12   questions to your counsel, who can either explain them to you

13   or get the answer for you.  And if there is a problem with

14   something that you want to have changed, your lawyer will know

15   the steps to do to be able to come back to court and request

16   that they be changed.  The Court might not grant that request,

17   but the thing to do is to have your lawyer advocate with the

18   Court for you instead of you on your own deciding, you know,

19   it is fine to do something that, in fact, might be a

20   prohibition.

21               Has Judge Oetken set a date as of yet for an initial

22   conference for Ms. Hunsicker?

23               MS. ROTHMAN:  Yes, your Honor.  Judge Oetken set

24   July 23, at 10:30 a.m., for the initial pretrial conference in

25   this matter.

1          THE COURT:  And has Judge Oetken already granted any

2     applications with respect to speedy trial?

3          MS. ROTHMAN:  He has not.  But, your Honor, at this

4     time, I would make a motion to exclude time between today and

5     the 23rd of July.  That time will allow the parties to

6     continue discussions about a protective order, discovery, and

7     how this case will proceed.

8          THE COURT:  All right.  Counsel, what's your position

9     with respect to --

10          MS. SKOTKO:  No objection, your Honor.

11          THE COURT:  —— that request?  All right.

12          Ms. Hunsicker, you have a right to have a speedy

13     trial, and the public also has an interest in there being a

14     speedy resolution of this matter.  However, I find that your

15     interest and the public's interest in a speedy trial is

16     outweighed by the need for your lawyer and the government to

17     begin discussing the case, coming up with the protective order

18     that will allow the government to produce whatever evidence

19     they claim to have against you to your lawyer; and so, for that

20     reason, I will exclude time between now and your next court

21     date from the Speedy Trial clock.

22          I should say, and I am sure your lawyer has already

23     explained this to you, Judge Oetken will be your presiding

24     judge over this case.  I expect all of your future court

25     appearances will be before him.  If you have a trial, I expect

1   he will be the one presiding.  If you were found guilty or

2   plead guilty, I expect he would be the one imposing a sentence.

3   And so it is Judge Oetken that you are currently scheduled to

4   see on July 23, next week, at 10 a.m.

5          Government, anything else we need to discuss from

6   your perspective?

7          MS. ROTHMAN:  No, your Honor.  Thank you.

8          THE COURT:  Anything else on behalf of Ms. Hunsicker?

9          MS. SKOTKO:  No, your Honor.  Thank you.

10         THE COURT:  All right.  So the last thing I just want

11  to do, Ms. Hunsicker, is just give you a few bail warnings.

12         As we have discussed, you must comply with all of the

13  conditions of your bail and must come to court any time you

14  are required to do so.

15         If you were to fail to come to court or violated the

16  conditions, a warrant would be issued for your arrest.

17         As we talked about, you and anyone who signed the

18  bond would each be responsible for that full $1 million amount

19  of the bond, and you would lose the interest in your

20  residence.  You could also be charged with a separate crime

21  of bail jumping which could mean additional jail time and a

22  fine.

23         In addition, if you committed a new offense while you

24  were released on bail, in addition to whatever punishment you

25  could get for the new offense, you could also be sentenced to

1  an additional term of imprisonment of not more than ten years

2  if that offense was a felony and not more than one year if

3  that offense was a misdemeanor.  And that term of imprisonment

4  would be served after any other term of imprisonment was

5  completed.

6          While you are awaiting trial, I must warn you not to

7  have any contact with or engage in any intimidation of

8  potential or designated witnesses or jurors, not to engage in

9  any intimidation of any court officer, and not to engage in

10  any conduct that would obstruct any investigation by law

11  enforcement.

12          Do you understand these warnings I have just given

13  you, ma'am?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  All right.  In that case, we will be

16  adjourned, and good luck, Ms. Hunsicker.

17          (Adjourned)

18

19

20

21

22

23

24

25

1

2                    C E R T I F I C A T E

3

4        I, Kristen J. Carannante, certify that the

5    transcript of the digital audio recording of the

6    proceedings in the above-entitled matter is a true

7    and accurate transcription.

8

9

10   Signature   /s/ *Kristen J. Carannante*
                 KRISTEN J. CARANNANTE, RPR, RMR, FCRR
11               (848) 459-3124
                 kjcarannante@gmail.com
12

13   Date:       July 21, 2025

14

15

16

17

18

19

20

21

22

23

24

25